IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$41,920.00 IN UNITED STATES CURRENCY,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Laura B. Hurd, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

## JURISDICTION AND VENUE

1. The United States of America ("the United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801, *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 28 U.S.C. § 1395, as the defendant property is located, and some of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

    a. $41,920.00 in United States currency (herein "$41,920.00 in U.S.

1

currency"), was seized on August 13, 2019, from the vehicle of Roque and Araceli Aguirre, on westbound Interstate 70, at mile marker 2, near Mack, Colorado. Defendant $41,920.00 in U.S. currency is currently being held by the U.S. Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4. On August 13, 2019, at approximately 9:23 a.m., a Mesa County Sheriff's Office deputy stopped a Volkswagen SUV, traveling westbound on Interstate 70 near the Colorado-Utah state line, for a traffic infraction. The driver identified himself as Roque Aguirre and the passenger identified herself as Araceli Aguirre.

5. The deputy explained the reason for the stop and asked Roque Aguirre and Araceli Aguirre if there were any illegal narcotics or large amounts of currency in the vehicle, to which they both stated no.

6. The deputy then asked for permission to search the vehicle and both Roque Aguirre and Araceli Aguirre gave consent to search the vehicle.

7. Upon searching the vehicle, the deputy discovered defendant $41,920.00 in U.S. currency, wrapped in plastic, hidden inside clothing contained in a duffel bag in the rear storage area of the vehicle. Araceli Aguirre indicated that the duffel bag and clothing belonged to her.

8. Upon finding the large amount of currency, the deputy then contacted investigators with the Drug Enforcement Administration (DEA) who responded to the scene of the traffic stop.

9. Roque Aguirre told the investigators that they had been in the Denver,

Colorado area for two days and had traveled to the area to attempt to help a family member.

10. Roque Aguirre told investigators that the currency belonged to him and was derived from his business located in San Diego, California called Ocean's Best Products. Rogue Aguirre said that the business sold seafood.

11. Roque Aguirre said that he had attempted to give the money to his nephew Alfred, however, he was not able to locate Alfred in Denver. They were, therefore, returning with it to California.

12. Roque Aguirre did not know his nephew's full name, however, he provided a telephone number of 720-709-0323 for Alfred to law enforcement.

13. Separately, the Mesa County Deputy asked Araceli Aguirre the purpose for the money found in her luggage, and she said that they owned a seafood business, but could not remember the name of the business. She said they had traveled to Colorado to buy seafood, and that they had met with someone named Alfred while in Colorado.

14. Deputy Miller spoke to Araceli Aguirre a second time and told her that Roque had said that they actually got the money while in Aurora, Colorado, and Araceli agreed and said they got the money from their nephew Alfred.

15. Investigators were unable to determine employment history or wages for Roque Aguirre and Araceli Aguirre.

16. In addition, based on the information provided during the traffic stop, the DEA was able to identify the individual Roque Aguirre identified as his nephew Alfred as Alfredo Parra-Aldama (Parra-Aldama).

17. On October 19, 2018, Parra-Aldama was stopped by a deputy from the Eagle County Sheriff's Office. Parra-Aldama presented a Mexican ID card with the name Alfredo Sojo-Quezada. During the course of the traffic stop, Sojo-Quezada was identified as having two active arrest warrants out of Denver County and one arrest warrant out of Adams County for dangerous drugs. During the course of the stop, deputies conducted a search of the vehicle and recovered $8,634.00 in United States currency.

18. Parra-Aldama also has a criminal history that includes several drug arrests. Parra-Aldama has two active failure to appear warrants in Colorado. Both warrants are for failure to appear on drug charges.

19. In addition, a source of information told investigators that Roque Aguirre is a courier for a drug trafficking organization, and that as a courier for the organization he had traveled to Denver, Colorado to pick up proceeds from drug sales.

## CONCLUSION

20. Based on the facts and circumstances described above, evidence shows that defendant $41,920.00 in U.S. currency was derived from the distribution of illegal narcotics.

## VERIFICATION OF JASON GREENFIELD
## SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent Jason Greenfield, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Jason Greenfield
Special Agent-Drug Enforcement Administration

STATE OF COLORADO )
) ss
COUNTY OF Mesa )

The foregoing was acknowledged before me this 7th day of January 2020 by Jason Greenfield, Special Agent, Drug Enforcement Administration.

Notary Public - Colorado
My Commission Expires: 11-20-2023

JEANNIE K. UTU
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19954015998
My Commission Expires November 20, 2023

5

## FIRST CLAIM FOR RELIEF

21. The Plaintiff repeats and incorporates by reference the paragraphs above.

22. By the foregoing and other acts, defendant $41,920.00 in U.S. currency constitutes or was derived from proceeds furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of a controlled substance, or from money used, or intended to be used to facilitate a violation of 21 U.S.C. § 801, et seq. Therefore, defendant $41,920.00 in U.S. currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the Defendant $41,920.00 in U.S. currency in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 7th day of January 2020.

    Respectfully submitted,

    JASON R. DUNN
    United States Attorney

By: s/ *Laura B. Hurd*
    Laura B. Hurd
    Assistant United States Attorney
    1801 California Street, Ste. 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Fax: (303) 454-0402
    E-mail: laura.hurd@usdoj.gov
    *Attorney for Plaintiff*